

FILED
09/19/2022 DB
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **22cr460** |
| | ) | |
| v. | ) | Violations: 18 U.S.C. §§ 666(a)(1)(B), |
| | ) | 1001, and 1952(a)(3) |
| EMIL JONES, III | ) | |

**Judge Wood**
**Magistrate Judge Valdez**

## COUNT ONE

The UNITED STATES ATTORNEY charges:

1.    At times material to this information:

a.    The State of Illinois was a government that received in excess of $10,000 in federal benefits during the period from January 1, 2019 through December 31, 2019. The legislative branch of the State of Illinois was commonly known as the Illinois General Assembly, and was composed of two houses: the House of Representatives and the Senate.

b.    Defendant EMIL JONES, III was a publicly-elected Illinois State Senator and was an agent of the State of Illinois.

c.    Company A was a Chicago-area company that provided automated traffic enforcement systems, commonly known as red-light cameras, which enabled municipalities to enforce certain traffic violations and issue traffic-violation tickets.   Company A did not provide any automated traffic enforcement systems to the City of Chicago.   Individual A had an ownership interest in Company A. Unbeknownst to JONES, Individual A was cooperating with law enforcement.

d. Individual B was an associate of JONES.

e. The Illinois Department of Transportation ("IDOT") approved the installation and operation of red-light cameras within the State. In or around February 2019, JONES introduced a bill, namely, Senate Bill 1297, that would require IDOT to conduct a statewide study of automated traffic law enforcement systems, which included red-light cameras. Senate Bill 1297 would require IDOT to report on the overall operation, usage, and regulation of automated traffic enforcement systems, and to propose any recommendations IDOT deemed necessary concerning such systems.

2. In or around 2019, JONES agreed that, in exchange for benefits provided by Individual A to JONES and Individual B, JONES would oppose legislation that required the study of automated traffic enforcement systems located outside of Chicago, and would limit any legislation regarding IDOT's study of and recommendations concerning automated traffic law enforcement systems to those automated traffic enforcement systems utilized in Chicago, thereby excluding from study and recommendations automated traffic enforcement systems utilized in numerous other muncipalties that Company A served.

2

3. Beginning in or around April 2019, and continuing until in or around September 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EMIL JONES, III,

defendant herein, as an agent of the State of Illinois, corruptly solicited, agreed to accept, and accepted things of value from Individual A, namely a $5,000 payment and money for Individual B, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of the State of Illinois involving a thing of value of $5,000 or more, namely, legislation in the Illinois General Assembly concerning the operation of red-light cameras;

In violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT TWO

The UNITED STATES ATTORNEY further charges:

On or about July 24, 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

EMIL JONES, III,

defendant herein, used a facility in interstate commerce, namely, an email account and associated communication network operated by service provider Google, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely, a violation of 720 ILCS 5/33-1(d) (Bribery) and 720 ILCS 5/33-3(a)(4) (Official Misconduct), and thereafter, the defendant did perform and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity;

In violation of Title 18, United States Code, Section 1952(a)(3).

## COUNT THREE

The UNITED STATES ATTORNEY further charges:

1.  Paragraphs 1 and 2 of Count One are incorporated here.

2.  On or about July 17, 2019, JONES told Individual A that he would protect Company A and Individual A from legislation in the Illinois General Assembly concerning the operation of red-light cameras in exchange for $5,000 for JONES and a job for Individual B.

3.  On or about August 8, 2019, JONES told Individual A that if Individual A contributed $5,000 by sponsoring an event, JONES and Individual A would not have to report that contribution on Illinois campaign contribution reports.

4.  On or about August 12, 2019, JONES and Individual A discussed how much money Individual A would pay Individual B.

5.  Prior to on or about September 24, 2019, the Federal Bureau of Investigation and Internal Revenue Service had initiated an investigation of JONES concerning potential violations of federal criminal law. The following matters, among others, were material to the investigation:

      a. Whether JONES had received and agreed to receive money and benefits from Individual A, including but not limited to payments to JONES and Individual B;

      b. JONES's knowledge that he and Individual B received and would receive money and benefits from Individual A; and

      c. Why JONES had received and agreed to receive money and benefits from Individual A.

6.    On or about September 24, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EMIL JONES, III,

defendant herein, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency within the executive branch of the government of the United States, when he stated in substance the following:

i.    When asked if he agreed to protect Company A and Individual A from legislation in the Illinois General Assembly concerning the operation of red-light cameras in exchange for Individual A hiring Individual B, JONES said that he did not.

ii.   When asked if he discussed with Individual A how Individual A could contribute money to him without having to report that sum of money, JONES said that he had not.

iii.  When asked if he knew how much money Individual A agreed to pay Individual B, JONES said that he did not.

In violation of Title 18, United States Code, Section 1001(a)(2).

AMARJEET BHACHU

Digitally signed by AMARJEET BHACHU
Date: 2022.09.19 12:18:24 -05'00'

Signed by Amarjeet Bhachu on behalf of the
UNITED STATES ATTORNEY